Milton POWELL, Appellant,

v.

The State of Texas, Appellee

No. 12–98–00049.

Court of Appeals of Texas, Tyler.

May 31, 2000.

Discretionary Review Granted Dec. 13, 2000.

John H. Seale, Jasper, for Appellant.

Charles R. Mitchell San Augustine, for Appellee.

Panel consisted of RAMEY, Jr., C.J., HADDEN, J., and WORTHEN, J.

RAMEY, Chief Justice.

The State's motion for rehearing is overruled. Our prior opinion delivered on February 8, 2000, however, is withdrawn and the following is substituted:

A jury found Appellant, Milton Powell, guilty of indecency with a child and assessed a sentence of fifteen years confinement. Appellant asserts six issues of reversible error, the principal issue pertaining to the admission of the testimony of six female witnesses who stated that they had been sexually molested on multiple occasions as pre-teens or early teenagers by Appellant in Appellant's home while spending the night with Appellant's daughters. The complaining witness, M.S., and the six witnesses testified to almost identical circumstances of the occurrences: the offenses were described to have taken place while they were watching movies in the small living room of Appellant's house, on the floor or on a sofa, and in the presence of three to five other young people but who, at the time of the offenses, appeared to be sleeping. Appellant timely objected to the extraneous offense testimony pursuant to TEX. R. CRIM. EVID. 404(b) and 403, which were overruled by the trial court. Because we agree that it was error to permit the six young witnesses to testify about the extraneous offenses, we will reverse and remand the case to the trial court for a new trial.

In her testimony, M.S. stated that she was awakened in the night when Appellant touched her vaginal area, asserting that this happened every time she stayed at Appellant's house.[1] The last time she stayed at Appellant's house was in November of 1995. She stated that she continued to spend the night at Appellant's house in

---

1. On cross-examination, it was developed that M.S. had stayed at the house at least twice a week for three to four years.

the hope that the molestation would not happen again. She further stated that Appellant had never threatened her.

Appellant was the pastor of New Hope Baptist Church in Milam, Sabine County, at the time of trial. Appellant denied that he had molested the complaining witness, M.S., and he further denied any such misconduct with the extraneous offense witnesses. Appellant, however, contended that M.S.'s parents and certain other members of the church congregation were antagonistic toward him personally, and stated that M.S.'s parents had filed a civil damage suit against him. Appellant also contended that M.S. was subject to episodes of fantasizing and had expressed inclinations toward suicide. The other witnesses called by Appellant either testified to the incidents surrounding meetings between Appellant, the parents, or members of the church, or refuted the girls' testimony regarding the amount of lighting in the living room and whether or not the girls had been moved from their original positions in the night as claimed. They further testified that when they had stayed at Appellant's house, they had never been molested nor had any of the girls who said they had been molested complained of such conduct.

### EXTRANEOUS OFFENSES

█ In his first issue, Appellant complains of the trial court's admission of testimony of extraneous offenses. Specifically, he alleges that the trial court erred in allowing H.S., R.C., D.B., J.G., R.N., and A.B. to testify about sexual molestation by Appellant other than on the charged offense. Each of the witnesses first testified outside the presence of the jury and were then permitted to testify before the jury after Appellant's objections were overruled. The only witness for whom the trial court made any findings as to the

basis for admissibility of this testimony was H.S., at whose hearing the trial court found that her testimony was admissible to show motive, opportunity, intent, plan, and absence of mistake. The trial court made no such express findings as to the other extraneous witnesses.

█ The admission of extraneous offense evidence is reviewed under an abuse of discretion standard. *Rankin v. State,* 974 S.W.2d 707, 718 (Tex.Cr.App.1996). If the trial court properly admits the evidence in light of the factors set forth in *Montgomery v. State,* 810 S.W.2d 372 (Tex.Cr.App.1990) and the court's decision to admit the evidence is "within the zone of reasonable disagreement," the trial court's decision will be upheld. *Rankin,* 974 S.W.2d at 718.

Rule 401 of the Texas Rules of Criminal Evidence in effect at the time of trial provided that "Relevant evidence means having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX. R. CRIM. EVID. 401 (Vernon 1997). Rule 402 stated that "[a]ll relevant evidence is admissible except as otherwise provided by constitution, by statute, by these rules or by other rules prescribed pursuant to statutory authority." TEX. R. CRIM. EVID. 402 (Vernon 1997).

Rule 404 of the Texas Rules of Criminal Evidence provides as follows:

(a) Character evidence generally. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion.

(b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the

character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident

. . . .

TEX. R. CRIM. EVID. 404 (Vernon 1997).[2] This court must first determine whether or not admission of evidence of the extraneous offenses would have been error. *Matthews v. State*, 960 S.W.2d 750, 753 (Tex.App.—Tyler 1997, no pet.).

 Rule 404(b) provides exceptions to the admissibility of extraneous offenses contemplated by Rule 402. *Rankin*, 974 S.W.2d at 709. Rule 404(b) exists, in large part, to counter the possibility that evidence may be admitted to show a defendant's corrupt nature from which the jury may then render a verdict not on the facts of the case before them but, rather, on their perception of the defendant's character. *Id.* Under this rule, extraneous evidence introduced solely to show character conformity is inadmissible. *Id.* But, reading Rule 404(b) in conjunction with Rules 401 and 402, if evidence is introduced for a purpose other than character conformity or has relevance to a "fact of consequence" in the case, and remains free of any other constitutional or statutory prohibitions, it is admissible. *Id.* A "fact of consequence" includes either an elemental fact or an evidentiary fact from which an elemental fact can be inferred. *Id.* at 710. An evidentiary fact that stands unconnected to an elemental fact is not "a fact of consequence." *Id.* A court that sets forth the relevancy of evidence to an evidentiary fact but does not, in some way, draw the inference to an elemental fact has failed to

show how the evidence makes a fact of consequence in the case more or less likely and has thus failed to complete its inquiry. *Id.*

 An accused is entitled to be tried only for offenses for which he is charged and not for some collateral crime or for a being a criminal generally. *Camp v. State*, 925 S.W.2d 26, 31 (Tex.App.—Tyler 1995, pet. ref'd). An "extraneous offense" has been defined as an offense that is "extra, beyond, or foreign to the offense for which the party is on trial." *Id.* Evidence of extraneous offenses is not generally favored because such evidence is inherently prejudicial. *Id.; Cobb v. State*, 503 S.W.2d 249 (Tex.Cr.App.1973). However, the trial court's decision to admit an extraneous offense is given due deference and, absent an abuse of discretion, that determination should not be disturbed on appeal. *Rogers v. State*, 853 S.W.2d 29, 33 (Tex.Cr.App.1993); *Templin v. State*, 711 S.W.2d 30, 33 (Tex.Cr.App.1986); *Camp*, 925 S.W.2d at 31.

 As stated, extraneous offenses may be admissible to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence or mistake or accident, provided that the probative value is not substantially outweighed by its prejudicial effect. *Camp*, 925 S.W.2d at 32; *see Montgomery*, 810 S.W.2d at 378; *see also Turner v. State*, 754 S.W.2d 668, 672 (Tex.Cr.App.1988). Merely because a party introduces evidence for a purpose other than character conformity, or any of the other enumerated purposes in Rule 404(b), does not, in itself, make that evidence admissible. *Rankin*, 974 S.W.2d at 709, and the proponent of the evidence has the bur-

---

**2.** Rules 401 through 404 of the Rules of Criminal Evidence have since been repealed and replaced with Rule 401 through 404 of the Texas Rules of Evidence, effective March 1998.

den to show admissibility. *Id.* at 718; *see also Montgomery*, 810 S.W.2d at 387.

■ Here, the only Rule 404(b) exception which might apply to authorize admission of the extraneous offense testimony was "opportunity."[3] This exception was repeatedly urged by the State in its brief in support of the admissibility of the extraneous offense testimony. Opportunity is defined as "a favorable juncture of circumstances." *Merriam-Webster's Collegiate Dictionary*, 10th Edition (1996). Opportunity in this case was not an issue and was not raised until Appellant testified to its absence on cross-examination by the State. The State, through its cross-examination, cannot create a contested issue and then claim that such issue "opens the door" to rebuttal evidence. *Posey v. State*, 738 S.W.2d 321, 325 (Tex.App.—Dallas

1987, pet. ref'd.). The State contends that the extraneous witness testimony makes it more likely that the offenses could have been perpetrated in Appellant's small living room in the presence of several young girls in close proximity, even if sleeping, thus providing the grounds for the "opportunity" exception to exclusion of the evidence. Although the State offered only one witness, the complainant, to testify to the crime charged in the indictment, the trial court allowed six other witnesses to testify to numerous other similar extraneous offenses. No restraint was imposed as to the number of extraneous witnesses the State may introduce. It appears that the "opportunity" exception was a vehicle to attack Appellant's character with repetitive distasteful extraneous conduct. We hold that bombarding the jury with multi-

**3.** The other exceptions listed under Rule 404(b) are not applicable for the following reasons:

(1) Identity: Identity is not an issue because the complainant, M.S., testified (as did all the girls involved) that she had known Appellant for a considerable period of time, some all their lives. Accordingly, the extraneous offenses are not necessary for purposes of proving identity. *Boutwell v. State*, 719 S.W.2d 164, 180 (Tex.Cr.App.1986) (on rehearing).

(2) Intent and knowledge: In this case, intent and knowledge can be inferred from the act itself and no evidence of extraneous offenses is required to show Appellant's intent and knowledge. *Id.*

(3) Common scheme or plan: Central to the common scheme or plan exception is that there be a plan or scheme and the extraneous offenses are steps taken toward the accomplishment of the plan. *Boutwell*, at 181. As in *Boutwell*, there is a general similarity between the instant offense and the extraneous offenses. *Id.* However, as in *Boutwell*, a showing of Appellant's commission of other similar offenses, without more, does not show a common plan so that the various acts are "to be explained as caused by a general plan of which they are individual manifestations." *Id.*

(4) Lack of mistake or accident: The State's argument at trial and before this Court is that the extraneous offenses were admissible to show lack of mistake on the part of M.S., the complaining witness. This argument misconstrues the intent of the exception, that is lack of mistake on the part of Appellant. *See e.g. Jones v. State*, 751 S.W.2d 682, 685–86 (Tex.App.—San Antonio 1988, no pet.).

(5) Motive: Motive is not an essential element of a criminal offense and need not be proved to establish the commission of an offense. *Bush v. State*, 628 S.W.2d 441, 444 (Tex.Cr.App.1982); *Rodriguez v. State*, 486 S.W.2d 355, 358 (Tex.Cr.App.1972). Evidence of motive is usually required to relate or pertain to other acts by the accused against the victim of the crime for which the accused is presently being prosecuted. *Foy v. State*, 593 S.W.2d 707, 708–09 (Tex.Cr.App.1980). When the acts do not relate to the same victim, they are not admissible to show motive. *Zuliani v. State*, 903 S.W.2d 812, 827 (Tex.App.—Austin 1995, pet. ref'd). The assaults on the witnesses who testified to the extraneous offenses did not explain why Appellant would assault M.S. other than to show his propensity for engaging in this type of conduct—the type of character conformity evidence that Rule 404(b) prohibits, and admitting the same is an abuse of discretion. *Id.*

ple witnesses testifying to dozens of independent extraneous offenses was offered to demonstrate Appellant's bad character and that, in committing the offense against M.S., he was acting in conformity with this character defect as portrayed by the six witnesses. Notably, in describing the purpose of the extraneous testimony, the prosecutor, in the State's closing argument in the guilt/innocence phase stated:

> We had to fight every step of the way to get that legitimate, admissible evidence before you all to show you what a child molester he is.... The facts in this case demand that we get him off little girls.... Anybody who heard the facts as recited by the witnesses in this case, the least they would say is, get this man off little girls, please.

This summarizing argument reveals that the purpose of the extensive extraneous offense testimony was to show Appellant's bad character as a child molester generally. *See e.g. Doles v. State*, 786 S.W.2d 741, 747 (Tex.App.—Tyler 1989, no pet.).

The State relies heavily on *Waddell v. State*, 873 S.W.2d 130 (Tex.App.—Beaumont 1994, pet. ref'd) for the proposition that the extraneous evidence was admissible because of the damage done to the State's case on cross-examination. *Waddell* is not applicable, however, because the issue in that case was the admissibility of extraneous offenses involving *the complaining witness*, not other children testifying to unrelated extraneous offenses. *Id.* at 136.

■ The State further contends that the admissibility of the extraneous offenses is authorized because of Appellant's cross-examination of the complainant and her mother about the civil suit and lying for money, hatred of Appellant and "that no child would return to be molested." We disagree. Merely cross-examining the complainant, or the complainant's mother, as to her credibility does not open the door to extraneous offenses. *See Schutz v. State*, 957 S.W.2d 52, 72 (Tex.Cr. App.1997). The contention that the complaining witness and her mother were lying because of the pendency of a civil lawsuit or for personal hatred of Appellant does not justify proof of other crimes; the extraneous crimes were not refutation of alienated personal relationships between Appellant and M.S. and her parents. Extraneous offense evidence is not admissible if offered merely to bolster the testimony of the complainant. *Owens v. State*, 827 S.W.2d 911, 918 n. 5 (Tex.Cr.App.1992).

■ The State's argument fails for other reasons. The jury was not instructed as to the reasons justifying admission now raised by the State and the limitations on their use. *Id.* at 917. Without such an instruction, we cannot know whether the jury properly applied the evidence of these extraneous offenses to rebut the weight and credibility of the "defenses" allegedly raised by Appellant. *Id.* Both M.S. and Appellant testified at trial and the jury had the opportunity to evaluate their respective testimonies. The ultimate issue to be determined was whether or not Appellant molested M.S. as alleged, and any theory of admissibility of the extraneous offenses stands or falls on whether it legitimately assisted the jury in determining that fact. *Id.* at 916. The extraneous offenses pertaining to acts involving other individuals provided no assistance to the jury in making the determination of Appellant's guilt of the crime of indecency with M.S. *Id.* at 916.

The State further argues that "[q]uestioning by the defense initiating defensive theories opens the door to extraneous conduct evidence which rebuts the same," citing *Gilbert v. State*, 874 S.W.2d 290 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd). However, in *Gilbert*, the defense

counsel specifically opened the door to extraneous offenses by asking the arresting officer if he knew the defendant from school or traffic stops. *Id.* at 296. The prosecution was then permitted to complete the questioning to show exactly how the officer knew the defendant, that is through other narcotic investigations. *Id.* at 297. A similar situation does not present itself here. Nothing in the cross-examination of M.S. opened the door to the type of evidence presented by the State through the extraneous offense witnesses. Furthermore, defense counsel's opening statement may not "open the door" to provide the basis for offering extraneous offenses. *See Perry v. State,* 933 S.W.2d 249, 254 (Tex.App.—Corpus Christi 1996, pet. ref'd).

■■■■ The State claims that the offenses were admissible in response to Appellant's denial of the offense or undermining the complainant's testimony and on the premise of supporting the minor complainant's credibility and plausibility. Such an unwarranted expansion of Rule 404(b)'s exceptions cannot be permitted if fair trials are to be conducted especially on such inherently prejudicial and emotional offenses. *Boutwell v. State,* 719 S.W.2d 164, 177 (Tex.Cr.App.1985). The danger is great that juries would convict on character evidence of this type and that, because evidence has been offered that a defendant had committed similar acts before and was thus an established child molester, he should be convicted of the instant charge. *Id.* The extraneous acts between Appellant and other girls do not help prove Appellant committed the charged offenses except under a propensity rationale, for which they are not admissible. *Id.* at 180. Nor do we agree with the State that the extraneous offenses were admissible to rebut defensive theories. Article 36.01 of the Code of Criminal Procedure governs the order of proceeding in trial. Rebutting testimony is last in the order of trial. *See* TEX. CODE CRIM. PROC. ANN. art. 36.01, § 7 (Vernon 1999). Under this statute, the State could not introduce rebuttal testimony during its case-in-chief because Appellant had yet to introduce any evidence that it might rebut. *Hernandez v. State,* 914 S.W.2d 226, 235 (Tex.App.—Waco 1996, no pet.). Rebuttal of a defense means evidence is introduced contradicting some aspects of the defense itself. *Boutwell,* 719 S.W.2d at 180; such was not the case here.

■■■■ The trial court effectively permitted the State to inundate the record with evidence of Appellant's character conformity as a child molester. We hold that the trial court abused its discretion in allowing the extensive evidence of extraneous offenses. Having done so, we next consider whether the error was harmless. We reverse a criminal case when we find non-constitutional error in the proceedings only if we determine that the error affected the substantial rights of the defendant; otherwise we disregard them. TEX. R. APP. P. 44.2(a,b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State,* 953 S.W.2d 266, 271 (Tex.Cr.App.1997), *citing Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946).

We hold that the error in admitting the evidence of the extraneous offenses was harmful and deprived Appellant of substantial rights. The testimony was not admissible for the purposes for which it was expressly admitted. In jury argument, the State emphasized the error by arguing that it had shown that Appellant was a repeated, long-time child molester. The State thereby used the testimony to show Appellant's character and to suggest

that he acted in conformity therewith. Accordingly, the admission of such evidence was not harmless. *See Zuliani v. State*, 903 S.W.2d 812, 828 (Tex.App.—Austin 1995, pet. ref'd).

In addition to contributing to the conviction as stated, admission of the extraneous offenses prejudicially affected the punishment phase as well. Because we cannot say "with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment and sentence were not substantially swayed by the error," *Fowler v. State*, 958 S.W.2d 853, 865 (Tex.App.—Waco 1997), *affirmed* 991 S.W.2d 258 (Tex. Cr.App.1999), Appellant's first issue is sustained. Because our holding on Appellant's first issue is dispositive of the case before us, we do not address Appellant's remaining issues.

The trial court's judgment is reversed and the cause is remanded for a new trial.